*FLOWER* vs. *LANE & AL.*

Eastern Dist.
*June* 1827.

APPEAL from the court of the first district.

The party in whose favor a stipulation is made by another, may bring an action to enforce it.

PORTER, J. delivered the opinion of the court. The plaintiff was creditor of the steam-boat Mandan, in the sum of $483 88 cents, subsequent to the time when the debt was contracted, and previous to the period when it fell due, one of the partners who owned half of the boat, sold his interest in her to the defendants. In the act of sale which was passed before a notary public, there was a clause by which the purchasers stipulated, " that they shall assume, and they do hereby assume the payment of all claims now due to the said steam-boat, without any recourse against the vendor or his heirs, by reason thereof, hereby obliging themselves and their heirs to warrant and keep him safe and harmless from all such claims as fully to all intents and purposes, as if he had never possessed any interest in said boat."

The court below was of opinion that under this agreement the defendants were only responsible for the partner's share of the debts, whose interest in the boat they had purchased and it gave judgment against them accordingly for the one half of the note sued on.

From this judgment the defendants have appealed and the plaintiff on his part has prayed that it may be so amended that he may recover the whole amount of the obligation.

So far as the judgment affects the defendants there cannot be doubt: it is correct. The agreement contained what is termed in our law a *stipulation pour autrui.* The party in whose favour that stipulation was made had most clearly a right to bring an action in his own name to enforce it. And the defence set up that the seller had no right to the boat, and that the defendants acquired nothing by the purchase, cannot avail them, for they have given no proof that the allegation is true.

Although the correctness of the judgment in rejecting one half the plaintiff's demand, is not so clear as that part which condemns the defendant, yet we are of opinion that as to it too, the judge did not err. It is true, the promise to pay *all the claims* on the boat, would if taken alone support the appellee in the position that *all this debt* must be paid. But the whole contract shews that nothing more was contemplated by the parties than that the defendants should pay all the debts due by the boat for which their vendor was responsible. *C. Code,* 270, *art.* 63.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Slidell* for the plaintiff, *Ripley & Conrad* for the defendants.